UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COLT SEWARD, an individual,<br><br>    Plaintiff,<br><br>      v.<br><br>The CITY OF MERIDIAN, an Idaho municipality; CITY OF MERIDIAN POLICE DEPARTMENT, a subsidiary of the City of Meridian; OFFICER DONALD HEIDA, individually; OFFICER SEAN MCDONALD, individually; and; DOES I through X, unknown individuals and/or entities,<br><br>    Defendants. | Case No. 1:25-cv-00221-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff Colt Seward's Motion for Waiver of Bond (Dkt. 1). For the reasons explained below, the Court will deny the motion and instead set the bond amount at $50.00. The Court will also allow plaintiff to simply deposit $50 with the Court, rather than filing a bond, given the minimal amount.

## DISCUSSION

Seward wishes to sue, among other defendants, Donald Heida and Sean McDonald, both of whom are alleged to be police officers with the City of

Meridian. The plaintiff is required by Idaho Code § 6-601(2) to post a bond to cover costs that may be awarded against him when he initiates a suit against a law enforcement officer. A court may, however, order partial payment of costs, fees, and security for prisoner plaintiffs who are indigent. *See* Idaho Code § 31-3220A.

Seward has filed an affidavit claiming indigency. To summarize the information contained there: He is currently incarcerated and earns $10 per week as a kitchen worker. He has no checking account, no savings account, no real property, and no personal property worth over $100. His inmate account statement reflects a balance of $258.32 as of April 9, 2025. He has no monthly living expenses due to his incarceration.

This filing would indicate that Mr. Seward could afford to pay a small bond amount—particularly because he doesn't have any monthly living expenses. The Court will therefore deny the motion and instead set bond in the nominal amount of $50. Granted, this amount wouldn't cover litigation costs and expenses that Seward might be ordered to pay, but the purpose of the bond requirement is also to "ensure diligent prosecution of a civil action brought against a law enforcement officer." Idaho Code § 6-610(2). Accordingly, the Court finds it appropriate to set the bond in the amount of $50. *Cf. Clements v. Pocatello Police Dep't*, No. 4:22-cv-00407-DCN, 2023 WL 2354894, at *2 n.2 (D. Idaho Mar. 2, 2023) (setting non-prisoner, indigent plaintiff's bond at $250).

## ORDER

**IT IS ORDERED that:**

**(1)** Plaintiff's Motion to Waive Bond (Dkt. 1) is **DENIED.**

**(2)** Plaintiff shall file a bond in the sum of $50.00 pursuant to Idaho Code § 6-610 within 21 days.  Alternatively, rather than filing a bond in this minimal amount, Plaintiff may comply with this Order by depositing $50 with the Court.

DATED: May 15, 2025



B. Lynn Winmill
U.S. District Court Judge