Ryan Black, ISB # 10064
Attorneys of Idaho, PLLC
10114 W. Overland Rd.
Boise, ID  83709
Tel:      (208) 314-8888
Fax:      (208) 567-5805

Counsel for Plaintiff(s)

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **Colt Seward an individual,** | |
| **Plaintiff,** | **Case No. <u>1:25-cv-00221</u>** |
| **Vs.** | |
| **The CITY OF MERIDIAN, an Idaho Municipality; CITY OF MERIDIAN POLICE DEPARTMENT, a Subsidiary of the City of Meridian; OFFICER DONALD HEIDA, individually; OFFICER SEAN MCDONALD, individually; and; DOES I through X, unknown individuals and/or entities,** | **SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **Defendant(s).** | |

The Plaintiff, Colt Seward (hereinafter "Plaintiff") by and through his attorneys of record, Attorneys of Idaho, complains and alleges against Defendants as follows:

## **PARTIES**

1. This is an action for money damages and declaratory relief arising under 42 U.S.C. §1983, for the defendants' violations of the Fourth and Fourteenth Amendments to the United States Constitution, and under Idaho law.

2. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §§1343(a)(3), 1343(a)(4), and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b).

4. Plaintiff is, and at all times material hereto was, a resident of Garden City, Ada County, Idaho.

5. Defendant City of Meridian is, and at all times material hereto was, a political subdivision of the State of Idaho acting pursuant to its official, established policies, procedures, and practices, and under color of Idaho law.

6. Defendant Donald Heida was, and at all times material hereto, employed as a police officer for the City of Meridian.

7. Defendant Sean McDonald was, and at all times material hereto, employed as a police officer for the City of Meridian.

8. Defendants John Doe Police Officers I through X are duly appointed officials, officers, agents, and/or employees of the City of Meridian who had final policy-making authority for the City of Meridian regarding matters of law enforcement, who were delegated such authority by the City of Meridian or by Defendant Heida and/or McDonald, and/or who participated in the unlawful arrest of and/or use of force against Plaintiff Seward.

9. Plaintiff does not know the true names or identities of the defendants named herein as John Does I through X and therefore prays leave to amend this Complaint to substitute their names herein when their identities are ascertained.

10. On or about May 16, 2023, at approximately 5:30pm, Plaintiff was the victim of excessive and unreasonable force by Defendant the City of Meridian by and through the City of Meridian Police Department.

11. Defendant Heida and Defendant McDonald were placing Plaintiff under arrest when they claimed that Plaintiff began to resist.

12. Both named above Defendant officers tackled Plaintiff and pinned Plaintiff to the ground on

his chest.

13. Defendant Heida began punching Plaintiff in the head and face with a closed fist, approximately six times.

14. Plaintiff was pinned to the ground by Defendant Heida and Defendant McDonald, unable to comply with their commands, and unable to defend himself from the excessive and unreasonable blows.

15. As a result of this violence, Plaintiff has suffered severe injuries including nerve damage, broken bones, and impaired vision that have required treatment.

16. The force used by the defendants in seizing Plaintiff was unnecessary, unreasonable, and excessive.

17. The defendants' conduct as described above was performed under color of state law in violation of Plaintiff's clearly established rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and by Idaho law.

18. The violations of Plaintiff's constitutional rights described above were proximately caused by the defendants the City of Meridian's adoption, implementation, and/or enforcement of an official policy not to properly train, control, and/or supervise their officers appropriately, which permitted its officers to seize suspects without reasonable suspicion or probable cause without a warrant, and/or by their ratification of the constitutional violations or delegation of authority to subordinates who caused the violations.

19. As a direct and proximate result of the defendants' unlawful conduct as alleged above, Plaintiff has incurred special damages in the form of tens of thousands of dollars in past and future medical and related expenses for treatment of his physical, mental and emotional injuries, in such amounts to be proven at trial, as well as reduced income-earning capacity.

20. As a direct and proximate result of the defendants' unlawful conduct as alleged above, Plaintiff has also suffered severe and irreparable physical, mental, and emotional injuries and impairments, pain, suffering, distress, anguish, embarrassment, and humiliation, in amounts to be proven at trial.

**COUNT I. Excessive Force Fourth and Fourteenth Amendments to the United States Constitution 42 U.S.C. § 1983 Including Both Individual and *Monell* Liability**

21. Defendants caused Mr. Seward to be arrested on May 16, 2023 with some of the Defendants physically effecting the arrest itself.

22. There was no need for officers to use the degree of force that was effected against Mr. Seward.

23. The force used by Defendants McDonald and/or Heida was constitutionally unreasonable.

24. Defendants deprived Mr. Seward of his rights under the Fourth and Fourteenth Amendments to the Unites States Constitution.

25. Defendants acted under color of state law, and they acted or purported to act in the performance of official duties.

26. On information and belief, Defendant the City of Meridian and/or Defendant City of Meridian Police Department disregarded the known or obvious consequence that training deficiencies and omissions would cause Defendants McDonald and/or Heida to violate Mr. Seward's constitutional rights, and those deficiencies and omissions did actually cause Defendants McDonald and/or Heida to deprive Mr. Seward of his constitutional rights.

27. On information and belief, the City of Meridian and/or the City of Meridian Police Department training policies were not adequate to prevent violations of law by its employees or train its employees to handle the usual and recurring situations with which they must deal. The City of Meridian and/or the City of Meridian Police Department were deliberately

indifferent to the substantial risk that its policies were inadequate to prevent violations of law by its employees and to the known and obvious consequences of its failure to train its employees adequately. The above's failure to train and to prevent violations of law by its employees played a substantial part in causing and is so closely related to the deprivation of Mr. Seward's rights as to be the moving force that caused, Mr. Seward's ultimate injuries, harm, and damages. The above's final policymakers acted to deprive Mr. Seward of his rights while acting as final policymakers and likewise ratified the acts and failures to act by the individual defendants that deprived Mr. Seward of his rights.

a. On April 26, 2023, ██████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████

b. ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████ ███████████

c. On May 16, 2023, Officer Heida ████ participated in a takedown where strikes were delivered to a suspect's head/face—████ to Plaintiff Seward—causing serious injury. ██████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████



███████████████████████████████████████████████████

████████████████████████████████

h. Mr. Seward has suffered harm and damages, including out-of-pocket losses, emotional distress and psychological damage, mental anguish and humiliation, and impairment of reputation, as a direct and proximate result of Defendants' acts and deliberate indifference to his rights.

i. The defendants' unlawful misconduct as alleged above was malicious, wanton, oppressive, and/or in reckless disregard of Plaintiff's federally protected rights, for which Plaintiff is entitled to an award of punitive damages under 42 U.S.C. §1983.

### COUNT II. State Causes of Action

28. The allegations set forth in preceding paragraphs are incorporated herein by reference.

29. Mr. Seward timely filed a Notice of Claim which was filed with and served upon the City of Meridian.

30. The acts set forth above constitute negligent and intentional infliction of emotional distress; negligence or otherwise wrongful acts or omissions; negligence and/or gross negligence in planning; negligence and/or gross negligence in effecting seizure and arrest; and negligence and/or gross negligence in hiring, training, deploying and supervising officers.

31. As a direct and proximate result of the Defendants' conduct, Mr. Seward experienced pain and suffering, medical expenses, broken bones, permanent disfigurement, nerve damage, loss of function, emotional distress, and diminished wage-earning capacity in the past and future.

32. Plaintiff seeks economic and noneconomic damages in an amount that will compensate him for his past, present and future injuries and disabilities.

33. The defendants' unlawful misconduct as alleged above was oppressive, fraudulent, malicious or outrageous within the meaning of Idaho Code § 6-1604. Therefore, Plaintiff seeks punitive damages in an amount that will adequately punish Defendants for their reckless indifference to his civil rights and deter similar future misconduct.

34. This Court has pendent jurisdiction to hear and adjudicate these claims.

35. Plaintiff has complied with the State bond requirement under Idaho Code § 6-610 by depositing $50 with the Court pursuant to the Court's Order filed May 15, 2025.

36. Plaintiff is entitled to recover his reasonable attorney fees incurred in this matter pursuant to 28 U.S.C. §1988 and Idaho Code §§ 12-117, 12-120 and 12-121.

37. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays for the following judgment and relief against the defendants, jointly and severally, as follows:

A. An award of past and future damages against all the Defendants, jointly and severally, for the injuries to Plaintiff, in an amount to be proved at trial but in excess of $75,000;

B. Compensatory and consequential damages, including damages for emotional distress, bodily injury, loss of enjoyment of life, permanent loss of function, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

C. Economic losses on all claims allowed by law;

D. Special damages in an amount to be determined at trial;

E. Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

F. An award of Plaintiff's attorney fees reasonably incurred pursuant to 42 U.S.C. § 1988 and Idaho Code §§ 12-117, 12-120 and 12-121.

G. An award of Plaintiff's costs of suit; and

H. Any such further relief the court deems just and equitable under the circumstances.

Dated  October 15, 2025 .

_____
Attorneys of Idaho, PLLC
Plaintiff's Counsel