UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COLT SEWARD, an individual,<br><br>　　Plaintiff,<br><br>　　v.<br><br>The CITY OF MERIDIAN, an Idaho municipality; CITY OF MERIDIAN POLICE DEPARTMENT, a subsidiary of the City of Meridian; OFFICER DONALD HEIDA, individually; OFFICER SEAN MCDONALD, individually; and; DOES I through X, unknown individuals and/or entities,<br><br>　　Defendants. | Case No. 1:25-cv-00221-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

There are multiple motions pending before the Court, all related to third party Mersades Seward's pro se Motion to Intervene. Defendant Donald Heida opposes intervention. The remaining defendants—the City of Meridian, the City of Meridian Police Department, and Officer Sean McDonald (collectively, the "Meridian Defendants")—responded to Ms. Seward's motion with a motion to dismiss federal claims and a motion for summary judgment of the state claims. *See* Dkts. 31, 32. For the reasons explained below, the Court will deny Ms. Seward's

motion to intervene, which will moot most of the remaining motions.

## BACKGROUND

In April 2025, Plaintiff Colt Seward sued defendants under 42 U.S.C. § 1983, claiming they violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Seward says two Meridian police officers—Defendant Officers Donald Heida and Sean McDonald—used excessive force when placing him under arrest on May 16, 2023. According to Seward, both officers tackled him and pinned him to the ground. Then Officer Heida punched him in the head and face six times. Seward reports severe injuries, including nerve damage, broken bones, and impaired vision.

Shortly after Mr. Seward sued, Mersades Seward, appearing pro se, asked the Court to allow her to intervene in this action. Ms. Seward says she is Colt Seward's spouse[1] and that defendants' actions caused her "emotional distress, financial strain, and disruption to our family life and livelihood." *Motion,* Dkt. 6 ¶ 2. She seeks to bring three claims against the named defendants: (1) negligent infliction of emotional distress; (2) intentional infliction of emotional distress; and (3) loss of consortium. *See Proposed Complaint in Intervention,* Dkt. 6-2.

---

[1] The Court will accept the truth of this allegation for now, although Plaintiff Colt Seward says he is recently divorced. *See Colt Seward Dec.* ¶ 7, Dkt. 1-3 ("I am not married, but am recently divorced.").

**MEMORANDUM DECISION AND ORDER - 2**

DISCUSSION

**1. The Motion to Intervene**

The court will first resolve Ms. Seward's motion to intervene. As noted above, she seeks to bring state-law claims for loss of consortium and negligent and intentional infliction of emotional distress. In a nutshell, she says that even though she wasn't present during Mr. Seward's arrest, she suffered emotional trauma and loss of consortium afterward.

**A.    Intervention as a Matter of Right**

Under Federal Rule of Civil Procedure 24, there are two types of intervention: intervention as a matter of right and permissive intervention. Because Ms. Seward's filings do not specify the type of intervention she seeks, the Court considers both, beginning with intervention as a matter of right. Intervention as a matter of right is governed by Rule 24(a)(2). The Ninth Circuit has summarized the requirements under this rule as follows:

> (1) the [applicant's] motion must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Freedom from Religion Found., Inc. v. Geithner,* 644 F.3d 836, 841 (9th Cir. 2011) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir.

2006)). More generally, in evaluating motions to intervene, "courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." *United States v. Alisal Water Corp.,* 370 F.3d 915, 919 (9th Cir. 2004). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Sw. Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 820 (9th Cir. 2001).

Here, Ms. Seward's proposed claims—loss of consortium and negligent and intentional infliction of emotional distress—arise from the alleged injuries suffered by her husband during his arrest. These harms are derivative under Idaho law and do not constitute a legally protectable interest in the § 1983 excessive-force claim that Colt Seward himself brings. *Cf. Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("constitutional harms are personal and cannot be asserted vicariously"); *Farias v. Lewis,* 247 F. App'x 894, 895–96 (9th Cir. 2007) (unpublished opinion) ("Because constitutional rights are personal in nature, Farias lacks standing to allege the deprivation of his wife's constitutional rights."). Even taking all allegations as true, Ms. Seward does not claim that defendants violated *her* constitutional rights, nor does she identify a legal interest that would be impaired by the resolution of her husband's § 1983 claim.

Additionally, Ms. Seward asserts no independent federal right that would be impaired absent intervention. Although she references the First and Fourteenth Amendments in her briefing, her proposed complaint does not plead any federal claim. And although the Ninth Circuit has not definitively resolved whether a spouse may bring an independent § 1983 claim based on government conduct directed at the other spouse, the majority of federal courts to address the issue have rejected the theory.[2] The Court finds this line of authority persuasive. Accordingly, even assuming Ms. Seward intended to assert such a federal claim, it would be futile. The Court will therefore deny the motion to the extent it seeks intervention

---

[2] *See, e.g., Engebretson v. Mahoney*, 2010 WL 1490362, at 5–6 (D. Mont. Mar. 3, 2010), adopted, 2010 WL 1487993 (D. Mont. Apr. 13, 2010) (explaining that "the majority of federal courts" have concluded that spousal consortium is not a constitutional liberty interest cognizable under § 1983); *Ezra v. Leifer,* 2018 WL 4027038, at 4 (C.D. Cal. June 20, 2018), adopted 2018 WL 4026999 (C.D. Cal. Aug. 20, 2018) (wife lacked standing to assert § 1983 claim based on harm to husband); *Edwin v. Simpson,* 2009 WL 10673448, at 2–3 (D. Ariz. June 4, 2009) (declining to recognize any constitutional right to spousal consortium and dismissing wife's § 1983 claim); *Meaney v. Dever,* 170 F. Supp. 2d 46, 64 (D. Mass. 2001) ("A spouse of a federal civil rights victim is not permitted to raise a separate ancillary cause of action for loss of consortium based solely upon the federal civil rights violation.") *reversed and remanded on other grounds by Meaney v. Dever,* 326 F.3d 283 (1st Cir. 2003); *Niehus v. Liberio,* 973 F.2d 526 (7th Cir. 1992) (declined to recognize spousal consortium as constitutionally recognized liberty interest); *Rzayeva v. United States,* 492 F. Supp. 2d 60, 83 (D. Conn. 2007); *Norcross v. Town of Hammonton,* 2006 WL 1995021 at *3 (D.N.J. July 13, 2006) (holding that "there exists no constitutional interest in the consortium of one's spouse"); *Quitmeyer v. Southeastern Pennsylvania Transp. Authority,* 740 F. Supp. 363, 370 (E.D. Pa.1990) ("[T]here is no authority to permit spousal recovery for loss of consortium based on violations of other spouse's civil rights."); *Stallworth v. City of Cleveland,* 893 F.2d 830, 838 (6th Cir. 1990). *But see Pahle v. Colebrookdale Township*, 227 F. Supp. 2d 361, 380–82 (E.D. Pa. 2002) (recognizing, on a unique factual record, a potential § 1983 claim arising from alleged interference with marital association).

as a matter of right.

### B. Permissive Intervention

Permissive intervention is not warranted either. Permissive intervention is governed by Federal Rule of Civil Procedure 24(b), which gives district courts discretion to allow a party to intervene if that party: (1) "is given a conditional right to intervene by statute;" or (2) "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A)-(B). If the court decides that the would-be intervenor satisfies one of these threshold questions, it may exercise its discretion, and in doing so, "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Here, the threshold requirement is met: Ms. Seward's motion was timely and her proposed claims share a common question of fact with the underlying lawsuit. Both sets of claims arise from the same incident—the arrest of Colt Seward. But the Court finds that intervention would unduly complicate, expand, and delay this litigation. Ms. Seward seeks to introduce multiple state-law tort claims, each with its own elements, damages theories, and potential defenses, none of which directly bear on the federal constitutional question at the core of this case: whether law enforcement officers used excessive force in violation of the Fourth Amendment. Allowing Ms. Seward to litigate these additional claims would complicate the

litigation by injecting collateral issues, which would broaden the scope of discovery, multiply motion practice, and divert attention from the timely adjudication of Plaintiff Colt Seward's claims.

Finally, denying permissive intervention does not impair Ms. Seward's ability to protect her interests. Her claims are purely state-law tort theories that can be litigated in Idaho state court, which, in any event, is the best forum for adjudicating these state claims.[3]

## 2. The Remaining Motions

Because the Court is denying Ms. Seward's motion to intervene, the various additional motions she has filed—each premised on her asserted intervenor status—will be denied or deemed moot.

First, her Motion for Default Judgment (Dkt. 22) will be denied. Ms. Seward is not a party to this action, so she cannot properly seek to default defendants who did not respond to her *proposed* complaint.

Second, Ms. Seward's duplicative "Motion to Intervene" (Dkt. 28) will be denied for the reasons discussed above.

Third, the Court finds that the Meridian Defendants' dispositive motions are moot. *See* Dkts. 31, 32. If Ms. Seward elects to pursue her claims in state court,

---

[3] The Court expresses no opinion as to whether Ms. Seward's state-law claims are viable; that is an issue to be adjudicated in state court.

defendants may defend those claims based on the theories that were asserted in the dispositive motions filed in this case.

Finally, any additional filings submitted by Ms. Seward that depend upon her participation as an intervenor (including her application to proceed *in forma pauperis* and her motion to electronically file documents in this action) will be deemed moot.

## ORDER

IT IS ORDERED that:

1. Mersades Seward's Motions to Intervene (Dkts. 6 and 28) are **DENIED.**

2. Ms. Seward's Motion for Default Judgment (Dkt. 22) is **DENIED**.

3. The Meridian Defendants' Motion to Dismiss (Dkt. 31) and Motion for Summary Judgment (Dkt. 32) are **DEEMED MOOT.**

4. Ms. Seward's Protective Motion for Limited Intervention on Federal Claims and to Preserve State-Law Claims (Dkt. 34)—and any related requests, including her application to proceed in forma pauperis (Dkt. 22-1) and motion to electronically file documents (Dkt. 29)—are **DEEMED MOOT.**



DATED: November 21, 2025

_____
B. Lynn Winmill
U.S. District Court Judge