Michael J. Elia (ISBN 5044)
Nathan C. Beckman (ISBN 11568)
MOORE ELIA KRAFT & STACEY, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031
mje@melawfirm.net
nathan@melawfirm.net

*Attorneys for Defendant Donald Heida*

## UNITED STATE DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COLT SEWARD, an individual,<br><br>          Plaintiffs,<br><br>vs.<br><br>The CITY OF MERIDIAN, an Idaho Municipality; CITY OF MERIDIAN POLICE DEPARTMENT, a Subsidiary of the City of Meridian; OFFICER DONALD HEIDA, individually; OFFICER SEAN MCDONALD, individually; and; DOES I through X, unknown individuals and/or entities,<br><br>          Defendants. | Case No. 1:25-CV-00221<br><br>**REPLY IN SUPPORT OF DEFENDANT DONAL HEIDA'S MOTION FOR SUMMARY JUDGMENT** |

COMES NOW Defendant Donald Heida, by and through his counsel of record, Moore Elia Kraft & Stacey, LLP, and pursuant to the Court's Scheduling Order and FRCP 56, hereby submits this Reply in Support of Motion for Summary Judgment as follows:

### INTRODUCTION

This lawsuit stems from the arrest of Plaintiff Colt Seward ("Plaintiff") in Meridian, Idaho

**MEMORANDUM IN SUPPORT OF DEFENDANT DONALD HEIDA'S MOTION FOR SUMMARY JUDGMENT - 1**

on May 16, 2023 by Defendant Donald Heida ("Defendant Heida") and Defendant Sean McDonald (Defendant McDonald"). The factual background is set forth in Defendant Heida's Memorandum in Support of Summary Judgment (Dkt. 53.2) and Statement of Facts (Dkt. 53.1) and need not be repeated herein.

Defendant Heida filed a Motion for Summary Judgment based upon his entitlement to qualified immunity on Plaintiff's federal claims and immunity under the Idaho Tort Claims Act on Plaintiff's state law claims. Plaintiff has filed an Opposition (Dkt. 60) in which he argues that Defendant Heida's statement of facts is insufficient, that the record shows that Defendant Heida used excessive force, that contested facts preclude summary judgment, and that Defendant Heida is not entitled to qualified immunity. These arguments will be addressed below.

## ARGUMENT

1. **<u>Plaintiff's arguments regarding Defendant Heida's Statement of Facts are unpersuasive.</u>**

Plaintiff claims that Defendant Heida's Statement of Facts is insufficient and that it does not adequately lay out his justification for the use of force to restrain Plaintiff. To the extent that Plaintiff contends that Defendant Heida's Statement of Facts requires a second by second explanation of Defendant Heida's mindset and justification for every movement, such a requirement is not contained in FRCP 56. Defendant Heida submitted a detailed Statement of Facts with specific citations to the record and supplied the factual basis for the record to the Court. Plaintiff's attempt to attack Defendant Heida's Statement of Facts for a lack of specificity is an argument for such granularity that borders on absurdity.

Plaintiff's real issue seems to be that he disagrees with Defendant Heida's conclusions based upon the factual record set forth in the Statement of Facts. For example, Plaintiff complaints

**MEMORANDUM IN SUPPORT OF DEFENDANT DONALD HEIDA'S MOTION FOR SUMMARY JUDGMENT - 2**

that Defendant Heida's Statement of Facts does not specifically state that Plaintiff was fleeing or attempting to flee at the time of the strikes and so asserts that Defendant Heida may not offer active flight as the reason for his use of force. But this ignores that Defendant Heida's Statement of Facts lays out in detail Plaintiff's efforts to escape custody/resist being restrained while force was used. There is no contradiction between the Statement of Facts and Memorandum. Plaintiff's arguments regarding Defendant Heida's Statement of Facts do not preclude summary judgment.

2. **Plaintiff's attempts to address the applicable Fourth Amendment analysis are insufficient, circular, and contrary to controlling precedent.**

Throughout his brief, Plaintiff largely fails to properly grapple with the applicable Fourth Amendment analysis, as set forth by the Supreme Court and Ninth Circuit. Defendant Heida's Memorandum laid out, in detail, the specific steps of the analysis, and went through those steps to show how Defendant Heida's use of force falls within the parameters set forth therein. Plaintiff's brief mostly ignores the applicable analysis, and does not actually engage in an orderly fashion with the steps and factors prescribed by the courts. Instead, Plaintiff merely objects to some elements argued by Defendant Heida, in a scattergun approach, and fails to address other elements entirely (i.e. the seriousness of the crime at issue, the danger posed by Plaintiff to officers and others due to the attached double cuffs, etc.).

In Plaintiff's primary effort to grapple with the applicable analysis, he disputes Defendant Heida's characterization of Plaintiff's injuries as a minimal intrusion upon his Fourth Amendment rights. Plaintiff claims that "the intrusion on the Fourth Amendment is not measured by reference to the injury alone" and instead that the Court must look to whether there was excessive and unreasonable force to measure the intrusion. (Dkt. 60, P. 7). Plaintiff asserts that any injury as a result of excessive force is a major intrusion. However, this is an entirely circular argument.

**MEMORANDUM IN SUPPORT OF DEFENDANT DONALD HEIDA'S MOTION FOR SUMMARY JUDGMENT - 3**

Plaintiff cannot claim that the force was excessive because there was a major intrusion and that the intrusion was major because the force was excessive. The amount of force and injuries caused are an objective factor in determining if the force used was excessive or unreasonable. As demonstrated in Defendant Heida's Memorandum, Plaintiff's injuries are more similar to those characterized by the Ninth Circuit as minor intrusions.

Additionally, Plaintiff's attempt to rely on his expert to characterize the use of closed fist strikes as deadly force is contrary to Ninth Circuit caselaw which has classified a closed fist strike as a significant intermediate use of force. See *Applegate v. Baines*, No. 3:23-CV-1368-SI, 2025 WL 392588, at \*6 (D. Or. Feb. 4, 2025) (collecting cases).

3. **Plaintiff overstates Defendant Heida's reliance upon Plaintiff's conviction for resisting and obstructing.**

Plaintiff claims that Defendant Heida relies on Plaintiff's conviction for resisting and obstructing for the proposition that Plaintiff cannot claim that the force used was excessive. However, this misreads Defendant Heida's arguments. Plaintiff is correct that under the Ninth Circuit's precedent, a conviction for resisting and obstructing does not categorically preclude a claim for excessive force. Rather, Defendant Heida noted that the conviction means that Plaintiff may not now argue that he did not resist arrest during the interaction, which is a factor in the use of force analysis. Accordingly, because it is uncontested that Plaintiff resisted arrest, that factor weighs in favor of Defendant Heida's use of force being reasonable under the circumstances.

4. **Plaintiff's arguments regarding disputed facts do not preclude summary judgment.**

Plaintiff then argues that there are disputed material facts that preclude summary judgment. However, as noted in Defendant's Memorandum, even when taking Plaintiff's version of events

**MEMORANDUM IN SUPPORT OF DEFENDANT DONALD HEIDA'S MOTION FOR SUMMARY JUDGMENT - 4**

as true for the purpose of summary judgment, Defendant Heida is still entitled to qualified immunity. For example, Plaintiff disputes that he was able to comply with Defendant Heida's orders because his expert says so. However, this does not demonstrate that Defendant Heida believed that compliance was impossible (and in fact he believed then and has testified under oath that compliance was possible), and does not demonstrate that Defendant Heida is not entitled to qualified immunity.

Further, that Defendant Heida, immediately after the incident, estimated that he had applied three strikes (when in fact the video shows that he applied six) does not create a material dispute of fact. Defendant Heida readily acknowledges that the video shows six strikes and so there is no dispute. Plaintiff's argument that this is somehow evidence of a cover-up attributes improper motives to Defendant Heida without any basis in fact and is pure speculation.

The argument that Plaintiff was not fleeing at the exact moment the strikes were applied has been dealt with above. Suffice to say, the video provided with Defendant Heida's briefing shows clearly Plaintiff's efforts to escape custody/resist being restrained while force was used. A resisting subject who has not yet been placed back in cuffs has not yet been restrained. While Plaintiff may dispute the application of these facts to the law, there is not a genuine dispute of fact that can preclude summary judgment.

And finally, Plaintiff's argument about the threat of an unlocated gun is misplaced. Plaintiff claims that because the gun was later found in the glovebox, after Plaintiff was placed back in handcuffs, that it could not have been a reasonable threat to officers. However, that is applying hindsight and is improper Monday morning quarterbacking. At the time that Defendant Heida used force to restrain Plaintiff, he did not know where the gun was located; he only knew that it was likely somewhere near and unsecured. This is not a dispute of fact that can preclude summary

**MEMORANDUM IN SUPPORT OF DEFENDANT DONALD HEIDA'S MOTION FOR SUMMARY JUDGMENT - 5**

judgment.

5.    **Plaintiff has failed to show that Defendant Heida is not entitled to qualified immunity.**

As has been demonstrated above and in Defendant Heida's Memorandum, Plaintiff has failed to demonstrate that Defendant Heida violated Plaintiff's Constitutional rights. However, even if that were not the case, Plaintiff has failed to demonstrate that the constitutional right at issue was "clearly established at the time of the incident such that a reasonable officer would have understood his conduct to be unlawful in that situation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Plaintiff cannot point to controlling caselaw that clearly establishes as unconstitutional, the use of intermediate force to restrain an arrestee who was arrested for multiple serious crimes, was in possession of a holster for an not-yet-located firearm, who is actively resisting, who has been repeatedly warned to cease resisting, who has loose set of dangerous handcuffs connected to one wrist, and who posed a serious threat to officer safety and to the community, which force is discontinued when the active resistance ceases and only results in minor injuries, such that a reasonable official would understand that doing so was unconstitutional.

Plaintiff cites to several cases, none of which support his position. First, Plaintiff cites to *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007). Indeed, *Blankenhorn* is instructive as it sets forth a fact pattern for which the law is clearly established as to the appropriateness of use of force. However, as demonstrated in Defendant Heida's Memorandum,, the facts in this case are readily distinguishable from *Blankenhorn*. Because the facts in *Blankenhorn* are significantly distinct from those in our case, it does not clearly establish that Defendant Heida's actions violated Plaintiff's Constitutional rights. Next, Plaintiff cites a series of

**MEMORANDUM IN SUPPORT OF DEFENDANT DONALD HEIDA'S MOTION FOR SUMMARY JUDGMENT - 6**

factually divergent cases which cannot satisfy the clearly established burden: *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005) (different type of force-pepper spray and a dog bite); *LaLonde v. Cnty. of Riverside*, 204 F.3d 947 (9th Cir. 2000) (different type of force- knee in spine, dispute as to whether force occurred); *Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052 (9th Cir. 2003) (different type of force- multiple officers placing and keeping body weight on plaintiff's neck and back for extended period, force occurred <u>after</u> plaintiff was cuffed); *Bryan v. MacPherson*, 630 F.3d 805 (9th Cir. 2010) (different type of force- taser).

Plaintiff's arguments that, actually, he need not identify cases with a high level of similarity to the circumstances at bar is not persuasive and is directly contrary to the Supreme Court's explicit instructions. His reliance upon *Hope v. Pelzer*, 536 U.S. 730 (2002) for the proposition that a general principle against abuse of prone individuals sufficiently put Defendant Heida on notice that his actions were unconstitutional is contradicted by later Supreme Court pronouncements. Defendant Heida is immune from liability unless the alleged constitutional violations are "clearly established," meaning that "existing precedent placed the conclusion that [the officer] acted unreasonably in these circumstances beyond debate." *Mullenix v. Luna*, 136 S. Ct. 305, 309, (2015). Plaintiff's burden at this step of the analysis is high: a "clearly established" right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Id at 309. Plaintiff has failed to show that the right was clearly established, as he implicitly admits by his citation to outdated caselaw such as *Hope*.

Plaintiff's assertion that Defendant Heida was on notice because he was reprimanded for a prior use of force involving closed fist strikes conveniently elides the fact that he had not been reprimanded for the prior use of force at the time of Plaintiff's arrest. (Dkt. 59-1, P. 8).

And finally, contrary to Plaintiff's arguments, recent Supreme Court per curiam reversal

**MEMORANDUM IN SUPPORT OF DEFENDANT DONALD HEIDA'S MOTION FOR SUMMARY JUDGMENT - 7**

reaffirm that a high level of specificity and factual congruity is required to satisfy the clearly established prong of a qualified immunity analysis.

Because Plaintiff has failed to demonstrate that Defendant Heida committed a constitutional violation, and even if he had, that violation is not "clearly established" Defendant Heida is entitled to qualified immunity on Plaintiff's federal claims.

6. **Plaintiff has failed to respond to Defendant Heida's arguments regarding his state law claims.**

In Defendant Heida's Memorandum, he set for the reasons why Plaintiff's state law claims should be dismissed. Namely, because all such claims are barred by the Idaho Tort Claims Act. Plaintiff has failed to offer any opposition to Defendant Heida's argument on this issue. In fact, Plaintiff does not even address this argument. Accordingly, the Motion is unopposed on this point and the Court should grant Defendant Heida summary judgment on Plaintiff's state law claims.

### CONCLUSION

For the foregoing reasons, Defendant Heida respectfully requests that this Court grant his motion for summary judgment and dismiss Plaintiff's claims against him with prejudice.

DATED this 26th day of June, 2026.

MOORE ELIA KRAFT & STACEY, LLP

/s/ Michael J. Elia
Michael J. Elia
Attorneys for Defendant Heida

**MEMORANDUM IN SUPPORT OF DEFENDANT DONALD HEIDA'S MOTION FOR SUMMARY JUDGMENT - 8**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26ᵗʰ day of June, 2026, I served a true and correct copy to the following non-CM/ECF party, by the method below:

Jeb W. Bond
Attorneys of Idaho, PLLC
10114 W. Overland Rd.
Boise, ID 83709
Tel: (208) 314-8888
jw@attorneysofidaho.com

☐ U.S. Mail, postage prepaid
☐ Hand Delivered
☐ Overnight Mail
☐ Facsimile Transmission
☐ E-Mail:
☒ EM/ECF Filing

*Attorneys for Plaintiff*

Mike Kane
Michael Kane & Associates, PLLC
PO Box 2865
Boise, ID 83701-2865
(208) 342-4545
mkane@ktlaw.net

☐ U.S. Mail, postage prepaid
☐ Hand Delivered
☐ Overnight Mail
☐ Facsimile Transmission
☐ E-Mail:
☒ EM/ECF Filing

*Attorneys for Defendants*

/s/ Tiffannie Laughlin
Tiffannie Laughlin

**MEMORANDUM IN SUPPORT OF DEFENDANT DONALD HEIDA'S MOTION FOR SUMMARY JUDGMENT - 9**